UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PEARSON EDUCATION, INC.,
et al.,

        Plaintiffs,

-v-                                     No. 11 Civ. 6081 (LTS)(JCF)

NEAL FRANCES d/b/a/ RYAN d/b/a TEST
CENTER,

        Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 3 2013

## MEMORANDUM OPINION AND ORDER

        Plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning, Inc., and the McGraw-Hill Companies, Inc. (collectively, "Plaintiffs"), bring this action against Defendant Neal Frances d/b/a Ryan d/b/a Test Center ("Frances" or "Defendant"), seeking damages and injunctive relief for copyright infringement. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. The parties have each moved for partial summary judgment. The Court has considered thoroughly the parties' arguments. For the following reasons, Plaintiffs' motion for partial summary judgment is granted in part and denied; Defendant's motion for partial summary judgment is granted in part and denied in part.

## BACKGROUND

        The following facts are undisputed. Plaintiffs publish college textbooks and corresponding Instructors' Solution Manuals ("ISMs"), which contain answers to the problems in the textbooks. (Pls' 56.1 St. ¶¶ 1-6.) Plaintiffs own registered copyrights in each of the 74

textbooks currently at issue.[1] (Pls' 56.1 St. ¶ 4.) Plaintiffs have not registered any of the ISMs.[2] The parties have stipulated that three of the ISMs reproduce material from the corresponding textbooks. Specifically, the ISMs for <u>Engineering Mechanics: Statistics and Dynamics</u> ("<u>Engineering Mechanics</u>") and <u>Money Banking and Financial Markets</u> ("<u>Money Banking</u>") repeat questions from their underlying textbooks, and the ISM for <u>Biochemistry</u> repeats chapter headings and subheadings from its underlying textbook. (Stip. and Order of Sept. 6, 2012 ("September 6 Stipulation"), docket entry no. 53.)

Defendant admits that he sold electronic reproductions of the ISMs corresponding to 26 of the 74 textbooks at issue, including <u>Biochemistry</u>. (Def's 56.1 Resp. ¶ 13; Morrissey Decl., Ex. P.) While Defendant offered in his advertisements to sell all of the ISMs, there is no evidence in the record that Defendant actually sold <u>Engineering Mechanics</u> and <u>Money Banking</u>. Defendant sold the ISMs under assumed names, and also advertised them to previous buyers through a restricted access blog with listings of available titles. (Deposition of Neil Avery Francis ("Francis Dep."), at 30-31, 81, attached as Ex. R. to Scileppi Decl., docket entry no. 57.) He asked purchasers not to mention "test bank" or "solution manual" in their PayPal records. (Francis Dep. at 119-20, attached as Ex. Q. to Morrissey Decl., docket entry no. 51.) Pearson first became aware of Defendant's activities through an employee's purchase of an ISM from Defendant on April 30, 2010. (Pls' 56.1 Resp. ¶ 3; Essig Decl. ¶ 2.) On August 30, 2011, Plaintiffs filed suit, alleging that Defendant's sale of the ISMs infringed their copyrights in the

---

[1]  The Amended Complaint lists 77 textbooks in which Plaintiffs own registered copyrights. For the purposes of this motion practice, the Court will rely on Plaintiffs' statements pursuant to S.D.N.Y. Local Civil Rule 56.1, as well as the stipulation of September 19, 2012 (docket entry no. 59), each of which list 74 textbooks.

[2]  Only ten of the ISMs in question display copyright notices on the manuals themselves. (Pls' 56.1 Resp. ¶¶ 10-11.)

registered textbooks. Defendant claims that he ceased offering Plaintiffs' ISMs for sale shortly after Plaintiffs filed suit.

Plaintiffs move for partial summary judgment, arguing that the ISMs were derivatives of the registered textbooks, and that Defendant's unauthorized copying of 26 of the 74 ISMs constitutes copyright infringement. Defendant cross-moves for summary judgment, arguing principally that, because the ISMs were unregistered works and did not contain any protected material, Defendant's copying of the 26 ISMs did not violate the Copyright Act.

## DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Similarly, "mere conclusory allegations, speculation or conjecture" will not suffice to defeat summary judgment. Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56(e). When deciding

cross-motions for summary judgment, the standard to be used "is the same as that for individual summary judgment motions and a court must consider each motion independent of the other." Schultz v. Stoner, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004) (internal quotations omitted).

Defendant's Motion For Summary Judgment Is Granted as to the 71 ISMs That Do Not Reproduce Content from the Registered Textbooks

It is undisputed that the ISMs are unregistered derivative works of Plaintiffs' registered textbooks. The parties have stipulated that only three of the ISMs borrowed material from the registered textbooks. Plaintiffs nonetheless argue that they are entitled to summary judgment as to all ISMs, whether or not they reproduced protected material from the textbooks, because the Copyright Act confers on copyright holders the exclusive right to "prepare derivative works based upon the copyrighted work." 17 U.S.C.A. § 106(2) (West 2010). The Court explicitly rejected that legal contention in its July 17, 2012, Order denying Defendant's motion for reconsideration. The Court held that Plaintiffs' claims were only viable to the extent that the ISMs reproduced protected material from the registered textbooks. See Pearson Educ., Inc. v. Frances, No. 11 Civ. 6081(LTS), 2012 WL 2930218, at *1 (S.D.N.Y. July 17, 2012) ("'a suit for infringement may be maintained as to any protected element contained in the registered preexisting work, but not as to any element original to the unregistered derivative work.'" (quoting Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002), aff'd, 354 F.3d 112 (2d Cir. 2003)).[3] In light of the parties' stipulation that only three of

---

[3] Plaintiffs advance a broader theory – that the Copyright Act prohibits the reproduction of unregistered derivatives where such derivatives have no "independent economic value." No case law supports such a theory. Plaintiffs rely primarily on Pavlica v. Behr, 03 Civ. 9628, 04 Civ. 8152(DC), 2006 WL 1596763 (S.D.N.Y. June 12, 2006), but in that case each of the copied materials was registered. The only question was whether the copied materials were independent works or derivatives. It was to answer that question that the Court addressed the materials' "independent economic value." 2006 WL 1596763 at *3. Plaintiffs also

the 74 ISMs contain elements from the registered textbooks, summary judgment will be granted in favor of Defendant as to claims predicated on the sale of the other 71 ISMs.

Plaintiffs Are Granted Injunctive Relief as to the Engineering Mechanics and Money Banking ISMs

The parties have stipulated that Engineering Mechanics and Money Banking restate questions from their respective corresponding registered textbooks. Defendant concedes that these questions constitute protectable expression. However, Defendant argues that he is entitled to summary judgment because Plaintiffs have not adduced any evidence that Defendant actually sold those ISMs.

It is undisputed that Defendant published advertisements offering both ISMs for sale. (See Exs. S, T, and U, attached to Scileppi Decl.) Courts are divided as to whether the mere offer to sell may constitutes a copyright infringement. See Elektra Entm't Group, Inc. v. Barker, 551 F. Supp. 2d 234, 239-45 (S.D.N.Y. 2008) (citing cases). However, the Court need not decide that issue. Plaintiffs have provided a summary of the Defendant's PayPal Transaction Log, which shows approximately 1,042 transactions. (Ex V., attached to Sileppi Decl.) Defendant has admitted that he did not keep thorough records, that he could not locate a complete sales ledger, and that he directed purchasers not to mention "test bank" or "solution manual" in any sales orders. (Ex. Q at 119:14-121:7 and Ex. N at 2, attached to Morrissey Decl.) Defendant has thus failed to adduce any evidence that would affirmatively show that the two ISMs were not sold. A reasonable jury could conclude from the volume of sales and the

---

cite Pearson Educ., Inc. v. Nugroho, 08 Civ. 8034(DAB), 2009 WL 3429610 (S.D.N.Y. Oct. 27, 2009), report and recommendation adopted, 2009 WL 4884098 (S.D.N.Y. Dec. 16, 2009), which borrowed heavily from Pavlica. However, there too, the "only issue in dispute [was] whether the instructor's solutions manuals qualif[ied] as 'derivative works.'" 2009 WL 3429610, *3. Here, by contrast, there is no dispute that the ISMs were derivatives. The issue is whether the copied portions contained protected material.

incomplete records that Defendant sold copies of both ISMs. Accordingly, Defendant's motion for summary judgment dismissing Plaintiffs' claims as to the Engineering Mechanics and Money Banking ISMs is denied.

Plaintiffs request injunctive relief. Defendant represents that he has ceased distribution of the ISMs, but states that he will not "waste the Court's time" opposing the injunction. (Def's Mem. in Opp. at 13.) Injunctive relief is appropriate where a defendant may continue his infringing sales of copyrighted material, since "a suit for an injunction deals primarily, not with past violations, but with threatened future ones; and . . . an injunction may issue to prevent future wrong, although no right has yet been violated." D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 36 (2d Cir. 1990) (quoting Swift & Co. v. United States, 276 U.S. 311, 326 (1928)). Because Defendant does not oppose the grant of an injunction barring any future sale of Plaintiffs' materials, and Plaintiffs have shown that the reproduction or distribution of the ISMs for Engineering Mechanics and Money Banking would infringe Plaintiffs' copyrights in the underlying textbooks, Plaintiffs' motion for summary judgment is granted to the extent that Defendant will be enjoined from further reproduction and distribution of those two ISMs. Plaintiffs' motion is denied as to its damages claims with respect to those works, as there are issues of fact concerning Defendants' sales activity.

The Parties' Motions Are Denied as to the Biochemistry ISM

The parties have stipulated that the Biochemistry ISM borrows chapter headings and subheadings from its underlying textbook. Defendant admits to having sold this book, but argues that these headings are short phrases, and hence not protected. It is true that short phrases, titles and slogans are generally not protectable under copyright law. See Arica Inst., Inc., v. Palmer, 970 F.2d 1067, 1072 (2d Cir. 1992). However, this analysis is heavily dependent

on the context in which the phrases appear. Id. at 1073 ("[A] defendant's copying of an ordinary word or phrase is actionable where she has also appropriated enough of plaintiff's sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity."). Neither party has provided copies of the portions of the Biochemistry ISM that were copied from its underlying textbook, without which the Court cannot assess whether the ISM reproduces protected material.

Both motions for summary judgment are denied as to the Biochemistry book, without prejudice to further motion practice accompanied by the production of these materials.

Defendant's Damages Arguments

Defendant also advances two meritless arguments as to damages. Defendant first argues that Plaintiffs cannot recover statutory damages because such damages are unavailable for the reproduction of unregistered works. This argument is duplicative of the contention that Plaintiffs cannot state a claim for the reproduction of unregistered derivatives, and is rejected for the reasons explained above.

Next, Defendant argues that he is entitled to a finding that he was an "innocent infringer." Defendant relies on 17 U.S.C. § 504(c)(2), which provides that:

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c)(2) (West 2010). Though not necessarily conclusive, there are several indications in the record that Defendant wilfully infringed Plaintiffs' copyrights. Defendant admitted in his deposition that he knew the textbooks were copyrighted, (Scileppi Dec. Ex. R at 155:121-156:6), and at least one of the four ISMs that Defendant admits he sold displayed a

copyright notice. (Siewert Decl. ¶¶ 3-8, docket entry no. 50; Ex. Q at 123:6-124:18, attached to Morrissey Decl.) Furthermore, Defendant's conduct – namely, giving false information to PayPal, Inc., posting advertisements on websites using fake names, and instructing customers not to reference "test bank" or "solution manual" in their orders – could easily support the inference that Defendant was trying to avoid detection of willful violations. (Ex R at 30:11-31:16, 73:7-74:20, Exs. S and T, attached to Scileppi Decl.; Ex. Q at 119:14-121:16, attached to Morrissey Decl.).

Alternatively, Defendant argues that Plaintiffs are collaterally estopped from seeking heightened damages because Plaintiffs waited more than a year before demanding that Defendant halt his sale of the ISMs. In a copyright action, "[e]stoppel requires proof that (1) plaintiffs had knowledge of defendants' infringing conduct; (2) plaintiffs intended that defendants rely on plaintiffs' conduct, or plaintiffs acted in such a manner that defendants had a right to believe they were intended to rely on the conduct; (3) defendants were ignorant of the true facts; and (4) defendants did, in fact, rely to their detriment." Price v. Fox Entm't Group, Inc., No. 05 Civ. 5259(SAS), 2007 WL 241387, at *3 (S.D.N.Y. Jan. 26, 2007) (citation and quotation marks omitted). Defendant has not presented any evidence that he relied on Plaintiffs' actions to his detriment; indeed, he does not even claim to have been aware that Plaintiffs had discovered that he was selling the ISMs online.

Accordingly, Defendant's request for a declaration that he was not a willful infringer and his motion for summary judgment on collateral estoppel grounds are denied.

CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted insofar as it seeks dismissal of Plaintiffs' claims predicated on the 71 ISMs that do not reproduce material from their underlying registered textbooks. Defendant's motion for summary judgment

as to the Biochemistry ISM is denied without prejudice to further motion practice accompanied by copies of the relevant portions of the textbook. Defendant's motion is denied in all other respects. Plaintiffs' motion for partial summary judgment is granted to the extent it seeks injunctive relief as to Engineering Mechanics and Money Banking, and Defendant is hereby enjoined permanently from reproducing, distributing, selling, and offering for sale the ISMs for Engineering Mechanics and Money Banking. Plaintiffs' motion is denied in all other respects. This Memorandum Opinion and Order resolves docket entry nos. 41 and 44.

The Final Pre-Trial in this matter is now scheduled for **Friday, May 17, 2013, at 11:30 a.m.** in Courtroom 17C.

SO ORDERED.

Dated: New York, New York
April 3, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge